COMMON COUNCIL OF THE CITY OF NEGAUNEE *v.* MUCK.

1. EQUITY—REHEARING—QUESTION BEFORE COURT—ATTORNEY AND CLIENT—DISCRETION.
  In chancery proceedings by a city council for the vacation of certain cemetery premises belonging to the city, where counsel for defendant accepted a settlement and withdrew his appearance, and thereafter decree was entered in accordance with the prayer of the petition, on appeal from the denial of an application by defendant for rehearing on the ground that his attorney had no authority to withdraw his appearance, the question presented to this court is whether there was an abuse of discretion on the part of the court below, upon the record as made, in denying the motion, and not whether the attorney, by reason of his retainer only, had the power to compromise his client's case.

2. APPEAL AND ERROR—RECORD—AFFIDAVIT FILED AFTER DECISION.

Since the hearing in this court, on appeal, must be upon the record as presented in the court below, an affidavit filed after the case was heard and decided in the court below, will not be considered in this court.

3. SAME—FINDING OF COURT BELOW—REVIEW.

The Supreme Court will not lightly disturb the findings of the trial judge, who had the advantage of seeing the conduct of the parties.

4. SAME—DISCRETION OF COURT—ABUSE.

A clear case should be made before the Supreme Court will set aside a discretionary order.

Appeal from Marquette; Flannigan, J. Submitted January 16, 1919. (Docket No. 63.) Decided April 3, 1919.

Petition by the common council of the city of Negaunee against Charles Muck and others for the vacation of a cemetery. There was a decree for petitioner, and defendant Muck applied for a rehearing. From an order denying the application, defendant appeals. Affirmed.

*T. A. Thoren* (*Berg & Clancey,* of counsel), for petitioner.

*J. M. Edgerton,* for appellant.

KUHN, J. A petition was filed on October 26, 1917, on behalf of the petitioner, in the circuit court for the county of Marquette, in chancery, for the vacation of certain cemetery premises belonging to said city, under section 3485 *et seq.,* of the Compiled Laws of 1897 (1 Comp. Laws 1915, § 3481 *et seq.*), and notice was published referring to the petition and notifying persons interested that the petition would be brought on for hearing before the said circuit court on the 3d day of December, 1917, at the opening of court on that day, or as soon thereafter as counsel could be heard.

On the 7th day of December, 1917, respondent Charles Muck, by J. M. Edgerton, his attorney, filed his appearance in said cause, and notice of appearance was served upon the attorney for the petitioner; and one Charles F. Button entered his appearance for the respondent William Watters. Negotiations which occurred that day are set forth by the petitioner in its answer to the petition for rehearing, as follows:

"Before the hearing was reached, said J. M. Edgerton and Charles F. Button voluntarily instituted negotiations for the amicable adjustment of all claims for compensation or otherwise which said Charles Muck and William Watters might have or assert against this petitioner, representing to counsel for petitioner that they had full authority to act in such negotiations; that said Charles F. Button and J. M. Edgerton then and there offered to accept in full payment of all claims so held by their respective clients and for expenses incurred in connection with this litigation, the following sums: One hundred fifty dollars for William Watters, together with fifty dollars for his attorney, and two hundred fifty dollars for Charles Muck and fifty dollars for his attorney. That after due consideration by counsel for petitioner, this offer was accepted, and thereupon, for the purpose of carrying it into effect, Charles F. Button and J. M. Edgerton in open court announced that a settlement had been made and that they therefore withdrew the appearances which they had theretofore filed in behalf of said Muck and Watters and would take no further part in the proceedings. Said court permitted the withdrawal of such appearances, and thereafter your petitioner proceeded with the hearing and introduced evidence and presented testimony in support of the allegations contained in its said petition and establishing its right to relief as there prayed for, and at the conclusion of said hearing and in the presence of said attorneys, said court announced that such a decree would be entered in accordance with the prayer of said petition, and thereupon a decree was signed, filed and entered in said proceedings on December 7th, 1917."

Two days later, on December 9th, the petitioner caused a tender to be made to the respondent Muck of $250 in settlement of his claim for compensation and also $50 for attorney fee, according to the terms of the settlement so made, but this tender was refused. Nothing further was done until the 26th of December, when the respondent Muck, after the conclusion of the December term of court, filed a petition for rehearing, which was noticed for hearing at the February, 1918, term of court. The reasons for which a rehearing was asked are therein set forth as follows:

"(*a*) That this defendant did not have an opportunity to appear in court and defend his case. That he is now informed that said case was called and heard on the 7th day of December, last, and decree taken against him. That he employed counsel to attend said hearing and was informed by this counsel on Thursday night, the 6th of December, that it would not be necessary for this defendant to be present in court. That no evidence would be taken on that day. That all the proceedings to be heard on that day on the 7th was that the case would be referred to a commissioner for condemnation proceedings. This defendant says that he relied upon the statement of his attorney, and resumed his work in Negaunee on the 7th of December, all day, instead of going to court where he should have appeared and given evidence and opposed the vacation of the said property, if he had not been informed as above.

"(*b*) This defendant further says that he is the owner in fee simple of certain lots in the aforesaid described parcel of land. That he has a good case on the merits, and is entitled to be heard in court.

"(*c*) That he was informed by his attorney on the evening of the 7th of December that said attorney tried to reach this defendant in Negaunee by telephone and messengers, and not being able to get in communication with him, felt that under the circumstances it was for the best interest of said defendant that said attorney withdraw his appearance and plea

in the case and allow this decree to be taken against said defendant.

"(*d*) This defendant says that he never authorized his said attorney to withdraw his appearance and that the same should not have been withdrawn."

The petitioner herein filed an answer to this petition, and the matter came on for hearing before the trial judge on February 5, 1918. No evidence was taken, and the matter was submitted upon petition and answer, and thereupon the trial judge denied the application. Subsequently, on the 5th of March, 1918, Mr. Edgerton, the attorney for the respondent Muck, appeared and filed an affidavit, which affidavit contained a statement that the attorney was not authorized to make the settlement agreed upon and negotiations which were instituted as above stated. This affidavit, having been filed after the case was heard and decided in the court below, and not having been before the court at the time the decision was made, will not be considered in this court on the appeal, as the hearing in this court must be upon the record as presented in the court below. This is a well-established rule, and it is unnecessary to cite any authorities in support thereof.

It is urged by counsel for the appellant that the question here for decision is whether an attorney, by reason of his retainer only, has the power to compromise his client's case, but in our opinion the question which seems to be presented to this court at this time is whether or not there was an abuse of discretion on the part of the trial judge, upon the record as made, in denying the motion for a rehearing.

The allegations of the petition are uncertain as to whether it is claimed that Mr. Edgerton did not have authority to make the settlement agreement set forth in the record, and it was sought to supply this by the statement in the affidavit subsequently filed, which, as

has been stated, we will not consider, as we must be governed by the state of the record at the time the trial judge decided this motion.  The principal allegation seems to be that the respondent Muck "never authorized his said attorney to withdraw his appearance."  The court had nothing to do with the terms of the settlement, and was simply notified of the agreement of the parties and of the fact that their appearances were to be withdrawn.  We will not lightly disturb the finding of a trial judge, who had the advantage of seeing the conduct of the parties, and a clear case should be made before we will set aside a discretionary order such as was made in the instant case.  We are not impressed from this record that such a showing has been made, and therefore conclude that the order of the circuit court should be affirmed, with costs to the appellee.

BIRD, C. J., and MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.  OSTRANDER, J., did not sit.